IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE BOYLE, : | |
|           Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 15-195 |
| : | |
| CITY OF PHILADELPHIA, *et al.* : | |
|           Defendants. : | |

MEMORANDUM OPINION

**Rufe, J.**                                                                                                                                           **March 14, 2016**

Plaintiff, a Philadelphia Fire Captain, has filed suit against the City of Philadelphia and the former fire commissioner, alleging that he was discriminated against on the basis of race, gender, and age in his efforts to obtain a promotion, and denied equal protection under the law. Defendants have moved to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies and that he has failed to state a claim upon which relief can be granted. For the following reasons, the motion will be granted.

**I. BACKGROUND**

The Amended Complaint concerns the application process for a promotion to Fire Battalion Chief.[1] Plaintiff and four other applicants attempted to fill out the online application to be placed on the eligibility list, but they were unable to complete it because of problems with the online system.[2] After Boyle complained to his Union representative, he and the other applicants were given a ticket to take the examination for the position in writing.[3] However, Plaintiff was

---

[1] Am. Compl. ¶ 8.

[2] Am. Compl. ¶¶ 12-13.

[3] Am. Compl. ¶¶ 18-19.

informed that only on-line examinations would be considered and therefore the written examinations were not reviewed or graded.[4] A week later, all five were removed from the eligibility list.[5] On September 18, 2012, Plaintiff was sent an email from his union, discussing the problems with the process.[6] Boyle claims he "received less favorable treatment" and was "discriminated against" because of his race, gender, and age because he did not receive assistance with his online application.[7]

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[8] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[9] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[10] Something more than a mere *possibility* of a claim must be alleged; a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[11] The

---

[4] Am. Compl. ¶¶ 20-21.

[5] Am. Compl. ¶ 26.

[6] Am. Compl. ¶ 15.

[7] Am. Compl. ¶ 32.

[8] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[9] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[10] *Twombly*, 550 U.S. at 555, 564.

[11] *Id.* at 570.

complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[12] In deciding "a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."[13] A motion to dismiss may be granted if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[14]

## III. DISCUSSION

### A. Timeliness and Exhaustion

"[W]hen Title VII remedies are available, they must be exhausted before a plaintiff may file suit."[15] Similarly, "[a] party seeking relief under the ADEA must exhaust his or her administrative remedies as required by 28 U.S.C. § 626(d)."[16] This requires that the charge be timely filed and that the claims asserted in the litigation fall within the scope of the charge filed with the Equal Employment Opportunity Commission ("EEOC").[17] In order to be timely filed, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged

---

[12] *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[13] *PBGC. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[14] *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978).

[15] *Spence v. Straw*, 54 F.3d 196, 200 (1995).

[16] *Money v. Provident Mut. Life. Ins. Co.*, 189 F. App'x 114, 117 (3d Cir. 2006). The ADEA is the governing statute for the age-discrimination claims for "a state or local government employee" such as Plaintiff. *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 102 (3d Cir. 2014).

[17] *Williams v. East Orange Community Charter School*, 396 F. App'x 895, 897 (3d Cir. 2010).

discriminatory practice, or 300 days where there was an appropriate cross-filing of a charge with a state agency.[18] Failure to exhaust administrative remedies is generally fatal to a claim.[19]

In this case, Plaintiff alleges that he had an intake interview with the EEOC on November 14, 2013, and the charge was marked filed on December 9, 2013.[20] Assuming for purposes of the motion to dismiss that the date of the interview constitutes the date the charge was filed,[21] the charge was untimely. The allegedly discriminatory events occurred in September of 2012 when Plaintiff was unable to apply for the position, and when, Plaintiff alleges, he was told that he had been removed from the eligibility list for the position.[22] Plaintiff argues that he did not discover he had been discriminated against until 2013, when he learned that applicants received assistance with completing the application for a promotion to Fire Paramedic Captain.[23] However, the Third Circuit has held "a claim accrues in a federal cause of action upon awareness of actual injury, not upon awareness that this injury constitutes a legal wrong."[24] In other words, the later

---

[18] *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001).

[19] *See, e.g., Webb v. City of Phila.,* 562 F.3d 256, 262–63 (3d Cir. 2009).

[20] The parties' briefing evinces some confusion with regard to the charge at issue. The Amended Complaint attaches a right-to-sue letter referencing EEOC Charge Number 530-2014-00224 (the "224 charge"), and an unsigned narrative of events. Defendants attach to the Motion to dismiss EEOC Charge 530-2014-00260 (the "226 charge"), which was signed by Plaintiff on December 11, 2013, and stamped as received on December 12, 2013. However, in the response to the motion, Plaintiff unambiguously relies upon the 224 charge only, and submits a full copy thereof [Doc. No. 15 at 61]. This charge was signed and dated by Plaintiff on December 6, 2013, and stamped as received on December 9, 2013. The Court accepts Plaintiff's representation that the 224 charge is the operative administrative complaint, and has not considered the 226 charge.

[21] *See Pizio v. HTMT Global Solutions*, 555 F. App'x 169, 174-75 (3d Cir. 2014).

[22] Am. Compl. ¶ 26 (referring to an email); ¶¶ 15-16 (alleging that the email in question was received on September 18, 2012).

[23] Am. Compl. ¶ 33.

[24] *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).

knowledge of assistance to others does not extend Plaintiff's time to file a charge.[25] Nor does equitable tolling, which stops the statute of limitations from running where the claim's accrual date has already passed,[26] render Plaintiff's claim timely. Equitable tolling may be appropriate: (1) where defendant has actively misled plaintiff respecting plaintiff's cause of action; (2) where plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where plaintiff has timely asserted his or her rights mistakenly in the wrong forum.[27] "Equitable tolling is an extraordinary remedy which should be extended only sparingly."[28] Plaintiff does not allege any extraordinary circumstances.[29]

In addition to being untimely, only Plaintiff's race-discrimination claim was within the scope of the charge. In determining whether a plaintiff has exhausted administrative remedies, the Court must look to "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC [charge], or the investigation arising therefrom."[30] The court also considers whether the EEOC was aware of the "'full scope of the situation'" during its remedial efforts.[31] EEOC charges are generally given a "fairly liberal construction"[32] because most

---

[25] *Wastak v. Lehigh Valley Health Network*, 342 F.3d 281, 287 (3d Cir. 2003) (holding that the plaintiff's claim of age discrimination accrued when his employment was terminated, and thus knew of his injury despite the fact that he did not realize he was the victim of age discrimination until he learned of his younger replacement did not toll the limitations period).

[26] *Oshiver*, 38 at 1387.

[27] *Id.*

[28] *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

[29] *See Clarkson v. SEPTA*, No. 14-2510, 2014 WL 5483546, at *3-4 (E.D. Pa. Oct. 30, 2014).

[30] *Weems v. Kehe Food Distributors, Inc.*, 804 F. Supp. 2d 339, 342 (E.D. Pa. 2011) (internal quotation marks omitted) (citing *Antol,* 82 F.3d at 1295). *See also Flora v. Wyndcroft Sch.*, No. 12-6455, 2013 WL 664194, at *4 (E.D. Pa. Feb. 25, 2013) (citing *Burgh v. Borough Counsel of Montrose,* 251 F.3d 465, 469–70 (3d Cir. 2000)) (holding that a plaintiff cannot bring claims that were not included in the EEOC charge).

[31] *Lowenstein v. Catholic Health East*, 820 F. Supp. 2d 639, 645 (E.D. Pa. 2011) (quoting *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 94 (3d. Cir. 1999)).

EEOC charges are drafted by individuals who are "not well versed in the art of legal description."[33] The failure to check a particular box on the charge form does not necessarily mean a plaintiff has failed to meet this administrative burden.[34] Rather, the focus of the court should be "the facts asserted in the EEOC [charge]."[35] Plaintiff asserts no facts from which it reasonably could be inferred that his EEOC charge asserted discrimination on bases other than race.

### B. Failure to State a Claim

Even if the claims had been properly exhausted and timely,[36] Plaintiff has failed to allege a plausible claim of discrimination. To state a discrimination claim in these circumstances, Plaintiff must allege that: (1) he is a member of a protected class; (2) he was qualified for the promotion he sought; (3) he was not promoted; and (4) the non-promotion occurred under circumstances that give rise to an inference of discrimination.[37] Plaintiff has alleged the first

---

[32] *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 616 (E.D. Pa. 1999).

[33] *Hicks v. ABT Assocs., Inc.,* 572 F.2d 960, 965 (3d Cir.1978).

[34] *Schouten*, 58 F. Supp. 2d at 616.

[35] *Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 500 (W.D. Pa. 2007) (internal quotation marks omitted). *See also Flora*, 2013 WL 664194, at *4 (holding "[t]he most important consideration in determining whether the plaintiff's judicial complaint is reasonably related to his EEOC charge is the factual statement." (internal quotation marks omitted)).

[36] The Section 1983 claims, which are subject to Pennsylvania's two-year statute of limitations, *Garvin v. City of Philadelphia*, 354 F.3d 215, 220 (3d Cir. 2003), are also untimely. The statute of limitations is not tolled during the pendency of the administrative charges with the EEOC. *See Chatterjee v. Philadelphia Fed'n of Teachers*, 214 F. App'x 201, 206 (3d Cir. 2007). Plaintiff did not file suit until January 15, 2015, more than two years after the discriminatory acts that occurred in September 2012.

[37] *McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-03 (1973). To state a claim for age discrimination under the ADEA, a plaintiff must allege that (1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment decision, and (4) others sufficiently younger were treated more favorably so as to permit a reasonable inference of age discrimination. *See, e.g., Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006) (internal citation omitted). Plaintiff does not allege that anyone "sufficiently younger" than he was treated more favorably.

6

three elements, but has alleged no facts that would give rise to an inference of discrimination. Plaintiff generally alleges that "black and white, younger, male and female candidates for promotion for other positions . . . have been promoted" because these candidates, unlike Plaintiff and the other applicants for the position of Fire Battalion Chief, received assistance with the online application process.[38] Specifically, Plaintiff alleges disparate treatment afforded to applicants for an entirely different position, the July 2013 promotion to Fire Paramedic Captain, who were given assistance with the online application. But according to Plaintiff's charge of discrimination, applicants of different races and genders were given assistance in completing the application, and so even to the extent that assistance may have been given to applicants for a different position, there is no plausible allegation of discrimination.[39] Plaintiff argues that because he and the other applicants who were white, older men were "boxed out" of the opportunity to be promoted, there is "an inference" that "if one of the applicants [for the promotion Plaintiff sought] were white [*sic*] or younger or female, the position would have been re-offered or at least one of the non-white, younger, non-male applicants would have been given assistance on-line to apply."[40] This argument requires more than an inference; it requires pure speculation and therefore is not plausible.

### C.    Amendment

In civil rights cases, "district courts must offer amendment – irrespective of whether it was requested – when dismissing a case for failure to state a claim unless doing so would be

---

[38] Am. Compl. ¶ 32.

[39] *See* Doc. No. 15 at Ex. B(1-7). Although Plaintiff's Amended Complaint mentions only one applicant, of different race and gender, see Amended Complaint ¶ 33, the 224 charge, which Plaintiff references and relies upon in his Amended Complaint, and which was signed under penalty of perjury, expands upon the pool of assisted applicants and can be considered by the Court.

[40] Plff's Opp. to Mot. to Dismiss at 9 [Doc. No. 15].

inequitable or futile."[41]  In this case, Plaintiff has already amended once as of right, in response to Defendants' first motion to dismiss.  Plaintiff has not requested leave to amend a second time; however, the Court will grant Plaintiff the opportunity to file a motion for leave to file a Second Amended Complaint in the event that he can overcome the pleading deficiencies identified herein and allege that he timely exhausted administrative remedies.

---

[41] *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir. 2007).